**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| GENZYME CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 10-1791 (JFM) |
| | ) | |
| IMPAX LABORATORIES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT IMPAX LABORATORIES, INC.'S ANSWER,
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

**Jury Trial Demanded**

Defendant Impax Laboratories, Inc. ("Impax"), by and through the undersigned attorneys, answers the Complaint of Plaintiff Genzyme Corporation ("Genzyme") as follows:

**COMPLAINT:**

1. This is an action for patent infringement.

**ANSWER:** Impax admits that Genzyme's Complaint purports to be an action for patent infringement, but denies that Genzyme is entitled to any relief.

**COMPLAINT:**

2. Plaintiff Genzyme Corporation is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, having a principal place of business at 500 Kendall Street, Cambridge, Massachusetts 02142.

**ANSWER:** Admitted, on information and belief.

**COMPLAINT:**

3. On information and belief, Impax Laboratories, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 30831 Huntwood Avenue, Hayward, California 94544.

**ANSWER:** Admitted.

1

**COMPLAINT:**

4. The action arises under the patent laws of the United States of America. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Paragraph 4 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Impax does not contest that this Court has subject matter jurisdiction over these claims for purposes of this case.

**COMPLAINT:**

5. On information and belief, Impax formulates, manufactures, packages, markets, and sells branded and generic pharmaceuticals and pharmaceutical products to customers including wholesalers, drug store chains, distributors, and managed health care organizations in the State of Maryland and throughout the United States.

**ANSWER:** Impax admits that it markets and sells generic pharmaceutical products to various customers in Maryland and in the United States. Impax denies the remaining allegations in paragraph 5.

**COMPLAINT:**

6. On information and belief, Impax engages and has engaged in continuous and systematic contacts with the State of Maryland, and has purposely availed itself of the benefits and protections of the laws of the State of Maryland.

**ANSWER:** Paragraph 6 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Impax responds that it does not contest personal jurisdiction solely for purposes of this case. Impax denies the remaining allegations of Paragraph 6.

**COMPLAINT:**

7. This Court has personal jurisdiction over Impax by virtue of, *inter alia*, the above-mentioned facts.

**ANSWER:** Paragraph 7 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Impax responds that it does not

contest personal jurisdiction solely for purposes of this case. Impax denies the remaining allegations of Paragraph 7.

**COMPLAINT:**

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**ANSWER:** Paragraph 8 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Impax responds that it does not contest venue in the District solely for purposes of these claims. Impax denies the remaining allegations of Paragraph 8.

**COMPLAINT:**

9. Genzyme holds approved New Drug Application ("NDA") No. 022-318 for Renvela® powder, 2.4 g and 0.8 g packets, which products contain the active ingredient sevelamer carbonate.

**ANSWER:** Based on publicly available information, Impax admits that the FDA lists Genzyme as the holder of NDA No. 022-318 for Renvela® powder, 2.4 g and 0.8 g packets. Impax further admits, on information and belief, that one ingredient in Renvela® powder is sevelamer carbonate. Impax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9, and therefore denies the same.

**COMPLAINT:**

10. Renvela® powder, 2.4 g and 0.8 g packets, were approved by the Food and Drug Administration (the "FDA") on February 18, 2009 and August 12, 2009, respectively and both are currently indicated for the control of serum phosphorus in patients with chronic kidney disease on dialysis.

**ANSWER:** Based on publicly available information, Impax admits that the product labeling for Renvela® powder states that it is indicated for the control of serum phosphorous in patients with chronic kidney disease on dialysis. Impax is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10, and therefore denies the same.

**COMPLAINT:**

11. Genzyme owns United States Patent No. 5,667,775 ("'775 patent"), titled "Phosphate-Binding Polymers for Oral Administration." The '775 patent was duly and legally issued on September 16, 1997, and was originally assigned to GelTex Pharmaceuticals, Inc., which was acquired by Genzyme in 2000. A true copy of the '775 patent is attached hereto as Exhibit A.

**ANSWER:** Impax admits that the United States Patent and Trademark Office ("PTO") issued U.S. Patent No. 5,667,775 ('775 patent) on September 16, 1997 and that it is titled "Phosphate-Binding Polymers for Oral Administration." Impax further admits that GelTex Pharmaceuticals, Inc. is listed as the assignee on the face of the '775 patent and that what purports to be the '775 patent is attached to the Complaint as Exhibit A. Impax denies that the '775 patent was duly and legally issued. Impax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11, and therefore denies the same.

**COMPLAINT:**

12. Genzyme repeats and realleges the allegations of paragraphs 1-11 as if fully set forth herein.

**ANSWER:** Impax incorporates by reference its answers to the allegations in paragraphs 1-11 above as if fully set forth herein.

**COMPLAINT:**

13. By a letter dated May 19, 2010 purporting to be a notice pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) ("Impax's Notice Letter"), Impax informed Genzyme that it had submitted to the FDA Abbreviated New Drug Application ("ANDA") No. 201-210 under 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, sale, offer for sale and/or importation into the United States of generic sevelamer carbonate powder, 2.4 g and 0.8 g packets ("Impax's Sevelamer Carbonate Powder") prior to the expiration of the '775 patent.

**ANSWER:** Impax admits that on or about May 19, 2010, it sent a Notice Letter to Genzyme pursuant to 21 U.S.C. § 355(j)(2)(B)(iv). Impax further answers that the referenced Notice Letter speaks for itself, and Impax refers to that Notice Letter with respect to the remaining allegations of Paragraph 13. Impax denies the remaining allegations of Paragraph 13.

**COMPLAINT:**

14. Impax's Notice Letter informed Genzyme that, as part of ANDA No. 201-210, Impax had filed a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and opined that the '775 patent is invalid and/or will not be infringed by the commercial manufacture, use, sale, offer for sale and/or importation of Impax's Sevelamer Carbonate Powder.

**ANSWER:** Impax admits that its Notice Letter informed Genzyme that, as a part of ANDA No. 201-210, Impax filed a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("paragraph IV certification") for the '775 patent, stating that in Impax's opinion and to the best of its knowledge, the '775 patent is invalid, unenforceable, and/or will not be infringed by any manufacture, use, sale, offer for sale and/or importation of Impax's Sevelamer Carbonate Powder. Impax denies the remaining allegations of Paragraph 14.

**COMPLAINT:**

15. By submitting ANDA No. 201-210 to the FDA for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, offer for sale and/or importation of Impax's Sevelamer Carbonate Powder prior to the expiration of the '775 patent, Impax has committed an act of infringement under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:** Impax admits that the filing of an ANDA containing a paragraph IV certification vests this Court with jurisdiction pursuant to 35 U.S.C. § 271(e) as to the patent listed therein. Impax specifically denies that the product that is the subject of Impax's ANDA infringes any claim of the '775 patent and denies the remaining allegations set forth in paragraph 15, including any implication that the '775 patent is valid and enforceable.

**COMPLAINT:**

16. On information and belief, the offer for sale or sale of Impax's Sevelamer Carbonate Powder, if approved by the FDA, would induce infringement of, and/or be contributory infringement of the '775 patent under 35 U.S.C. § 271.

**ANSWER:** Denied.

**COMPLAINT:**

17. Genzyme is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of any approval of ANDA No. 201-210 be a date which is not earlier than the expiration of the '775 patent, and any other exclusivity to which Genzyme is or becomes entitled.

**ANSWER:** Denied.

18. The "WHEREFORE" paragraph following paragraph 17 of the Complaint and the six lettered paragraphs that follow it state Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Impax denies the allegations set forth in the "WHEREFORE" paragraph following paragraph 17 of the Complaint and the six lettered paragraphs that follow it and denies that Plaintiff is entitled to any of the relief requested therein, or any relief whatsoever.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Genzyme's Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The manufacture, use, or sale of Impax's ANDA product has not infringed, does not infringe, and would not, if marketed, infringe any valid and enforceable claim of the '775 patent.

### Third Affirmative Defense

The claims of the '775 patent are invalid for failure to satisfy one or more of the provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112, and are invalid under the doctrine of non-statutory double patenting.

### Fourth Affirmative Defense

Any other defenses that discovery may reveal.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

### Jury Trial Demanded

For its counterclaims against Plaintiff Genzyme Corporation ("Genzyme"), Defendant Impax Laboratories, Inc. ("Impax") states as follows:

### PARTIES

1. Counterclaim-Plaintiff Impax is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 30831 Huntwood Avenue, Hayward, California 94544.

2. On information and belief, Counterclaim-Defendant Genzyme is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, having its principal place of business at 500 Kendall Street, Cambridge, Massachusetts 02142.

3. Counterclaim Defendant alleges that it holds approved New Drug Application ("NDA") No. 022-318 for Renvela® powder, 2.4 g and 0.8 g packets, which products contain the active ingredient sevelamer carbonate.

4. Counterclaim Defendant alleges that it owns the '775 patent.

5. Counterclaim Defendant alleges that Impax holds ANDA No. 201-210 for sevelamer carbonate powder, 2.4 g and 0.8 g packets.

**JURISDICTION AND VENUE**

6. These Counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 101 *et seq*.

7. This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1337 and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8. This Court has personal jurisdiction over Counterclaim Defendant, because, on information and belief, Counterclaim Defendant is doing business in this judicial district. Further, Counterclaim Defendant has submitted to the jurisdiction of this Court.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) and 15 U.S.C. §§ 15, 22 and 26.

10. Counterclaim Defendant is engaged in, and its activities substantially affect, interstate and foreign commerce through the activities referenced herein, some or all of which were conducted through the United States mail and other instrumentalities of interstate commerce and in connection with activities crossing State lines, including activities within and without the State of Maryland.

11. Counterclaim Defendant has alleged in the present action that Impax has infringed and will infringe the '775 patent by filing ANDA No. 201-210 with the FDA and/or manufacturing, using, offering for sale, selling or importing into the United States products described in that ANDA.

12. As a consequence of the foregoing, there is an actual and justiciable controversy between Impax and Counterclaim Defendant as to whether the claims of the '775 patent are invalid, unenforceable, or whether those claims are being infringed or would be infringed by Impax's ANDA No. 201-210 or the products described therein.

## Counterclaim I

### Declaration of Invalidity of the '775 Patent

13.  Impax realleges and incorporates by reference the allegations of paragraphs 1-12 of its Counterclaims.

14.  This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that one or more claims of the '775 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or under the doctrine of non-statutory double patenting.

15.  A present, genuine, and justiciable controversy exists between Genzyme and Impax regarding, *inter alia*, the validity of claims of the '775 patent.

16.  Claims of the '775 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112 and/or under the doctrine of non-statutory double patenting.

17.  Impax is entitled to a declaration that claims of the '775 patent are invalid.

## Counterclaim II

### Declaration of Non-Infringement of the '775 Patent

18.  Impax realleges and incorporates by reference the allegations of paragraphs 1-17.

19.  This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that one or more claims of the '775 patent will not be infringed by the manufacture, use, or sale of the products described in Impax's ANDA No. 201-210.

20.  A present, genuine, and justiciable controversy exists between Genzyme and Impax regarding, *inter alia*, the issue of whether the manufacture, use, or sale of Impax's proposed sevelamer carbonate powder ANDA product would infringe claims of the '775 patent.

21. The manufacture, use, or sale of Impax's sevelamer carbonate ANDA product would not infringe claims of the '775 patent.

22. Impax is entitled to a declaration that the manufacture, use, or sale of its sevelamer carbonate powder ANDA product would not infringe claims of the '775 patent.

## **REQUEST FOR RELIEF**

WHEREFORE, Defendant Impax Laboratories, Inc. respectfully requests that this Court enter a Judgment and Order in its favor and against Genzyme Corporation as follows:

(a) declaring that the claims of U.S. Patent No. 5,667,775 are invalid;

(b) declaring that Impax has not infringed and that Impax's manufacture, use, or sale of products covered by ANDA No. 201-210 would not infringe the claims of U.S. Patent No. 5,667,775;

(c) declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Impax its attorneys' fees, costs, and expenses in this action; and

(d) awarding Impax any further and additional relief as the Court deems just and proper.

Dated: October 1, 2010                                   IMPAX LABORATORIES, INC.

By: _____/s/_____
Adam S. Nadelhaft (Bar No. 17802)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006
(202) 282-5000
(202) 282-5100 (fax)
anadelhaft@winston.com

*Attorney for Defendant Impax Laboratories, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that in accordance with Fed. R. Civ. P. 5(a) a true and correct copy of the foregoing Defendant Impax Laboratories, Inc.'s Answer, Affirmative Defenses and Counterclaims was served on October 1, 2010, upon counsel of record by means of filing in the U.S. District Court for the District of Maryland Case Management/Electronic Case Filing (CM/ECF) system upon the following counsel:

>George E. Brown
>Andrew Jay Graham
>Geoffrey H. Genth
>KRAMON & GRAHAM PA
>One South Street, Suite 2600
>Baltimore, Maryland 21202-3201
>gbrown@kg-law.com
>agraham@kg-law.com
>ggenth@kg-law.com
>
>Brian D. O'Reilly
>Christopher E. Loh
>Robert L. Baechtold
>FITZPATRICK CELLA HARPER AND SCINTO
>30 Rockefeller Plaza
>New York, New York 10006
>boreilly@fchs.com
>cloh@fchs.com
>rbaechtold@fchs.com
>
>*Attorneys for Plaintiff Genzyme Corp.*

By:_____/s/_____
        Adam S. Nadelhaft